IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Fidelity National Title Insurance Company, | ) ) ) | C/A No.: 3:11-cv-1848-JFA |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **ORDER** |
| Beth Elayne Bernstein, Bernstein and Bernstein, LLC, and B&B Attorneys, LLC, | ) ) ) ) | |
| Defendants. | ) ) ) | |

This matter comes before the court pursuant to the defendants' motion to dismiss or, in the alternative, to stay (ECF No. 10).  The parties have fully briefed this matter, and the court also invited oral argument.  For the reasons stated herein, the court hereby denies defendants' motion to dismiss or, alternatively, to stay.

## I.    FACTUAL AND PROCEDURAL HISTORY

This case involves allegations of attorney malpractice.  Fidelity National Title Insurance ("Fidelity") alleges that Beth Bernstein, an attorney affiliated with the co-defendant LLCs (collectively "defendants"), was negligent for failing to have a prior mortgage cancelled or released as part of a real estate closing.

The real estate in question is part of Kingston Harbour, a development on Lake Murray.  John Harrison was the developer and bought the property either in his own name or through one of his LLCs.  Harrison asked Bernstein to conduct a closing for a refinancing with First South Bank ("the Bank") on lots 54, 55, 56, and 60.  The amount

of that loan was $1,365,000. The lots in question had three existing mortgages: (1) Peoples National Bank (People's Bank) in the amount of $4,500,000, (2) James Hammontree in the amount of $3,000,000, and (3) a second mortgage from Hammontree in the amount of $200,000. Fidelity[1] issued the title insurance coverage policy, which included coverage if the defendants failed to comply with the Bank's requests. The Bank instructed Bernstein that it was to have a first priority mortgage.

Ms. Bernstein had conducted closings for Harrison in the past. In those closings, she would obtain a release from Peoples Bank for its mortgage according to payment per a specified formula. Hammontree regularly executed partial releases on the lots in question, and he did so without payment. In this case, Bernstein obtained a release on the Peoples Bank mortgage and the senior Hammontree mortgage, but she did not obtain a release for the $200,000 Hammontree mortgage. Harrison later defaulted on the loan, and the Bank filed a foreclosure action. Hammontree answered and claimed first priority. As a result, the Bank filed a claim with Fidelity, its title insurance company. Fidelity paid Hammontree $200,000 and obtained a release and assignment of his mortgage. Fidelity filed the present action against the defendants seeking to recover the $200,000 and related damages. The Bank currently holds title to the lots in question.

## II.    LEGAL STANDARD

The plaintiff bears the burden of establishing subject matter jurisdiction on a Rule 12(b)(1) motion challenging the factual basis for subject matter jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In determining whether jurisdiction exists,

---

[1] Fidelity is the successor-by-merger to Lawyer's Title Insurance Company, who actually issued the policy.

the court is to regard the allegations in the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Id.* "[I]f it appears legally certain that the plaintiff has no reasonable expectation of recovery of an amount within the jurisdictional requirement, the case should be remanded." *Cannon v. United Ins. Co. of Am.*, 352 F. Supp. 1212, 1217 (D.S.C.1973) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)). Ordinarily, the amount claimed by the plaintiff controls the jurisdictional amount. *Id.* A case should be dismissed only when "the legal impossibility of recovery [is] so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1017 (4th Cir. 1981) (quoting *McDonald v. Patton*, 240 F.2d 424 (4th Cir. 1957)).

## III.  DISCUSSION

Defendants argue that the case should be dismissed because it is not certain that Fidelity will have any damages. Accordingly, defendants argue that Fidelity fails to meet the amount in controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332 (2006). Defendant asserts that because the Bank still holds the property in question, it can still sell the lots. Further, defendants argue that Fidelity would then be entitled to a set-off from those proceeds obtained by the Bank. Defendant also argues that it should not be bound by any agreement between Fidelity and a third party.

Fidelity contests this argument on several grounds. First, Fidelity asserts that it is not entitled to a set-off. Fidelity argues that a set-off was not provided for in the foreclosure settlement order and that the Bank is entitled to dispose of the proceeds of

any sale as it sees fit.  Second, Fidelity argues that any sale would likely not yield enough proceeds to satisfy both the Bank's loan and the prior mortgage.

Because it appears possible that Fidelity may not be able to recoup the $200,000— or some portion thereof—the amount in their complaint controls.  The defendant has not shown that it is "legally certain" that Fidelity will not recover the amount alleged in the complaint.  Accordingly, the motion to dismiss is denied.

In the alternative, defendants ask this court to stay the action pending the sale of the lots at issue so that the amount of damages may be ascertained.  Only at that time, defendants argue, can damages, if any, be fixed.  Fidelity asserts that there is no need to wait indefinitely for the lots to be sold and argues that the controlling issue is the amount of damages sustained on February 27, 2009.  Fidelity also introduces the idea of limited jurisdictional discovery to determine if there is a colorable case for jurisdiction.

The court does not believe that a stay would be appropriate in these circumstances. Given the current economic environment, a sale may not be feasible for quite some time, and the action would linger indefinitely.  Moreover, the bank should be free to sell the lots at its discretion when it sees fit.  Accordingly, the court hereby denies the motion to stay the action.

Furthermore, the parties have informed the court that they are unable to reach an agreement regarding the scope of a limited period of discovery.  Because the parties are unable to reach an agreement, the court denies the request for limited discovery.

## IV.    CONCLUSION

For the reasons outlined above, the court hereby denies the defendants' motion to dismiss or, in the alternative, to stay.  The court also denies the request for a limited discovery period.  The court will issue its standard scheduling order after the defendants have filed their answer.


IT IS SO ORDERED.

December 12, 2011                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                            United States District Judge